IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-00051-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | AMENDED ORDER |
| | ) | |
| DEMETRIUS ANTONIO McKOY | ) | |
| | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Suppress. Defendant Demetrius Antonio McKoy moves to suppress evidence obtained during the search of his home. For the reasons stated herein, Defendant's Motion is DENIED.

## INTRODUCTION

After receiving an anonymous call reporting drug activity at Defendant's address, two officers knocked on the Defendant's door on June 18, 2008. When the Defendant answered the door, the officers smelled marijuana and observed marijuana smoke, drugs and drug paraphernalia in the apartment. The Defendant denied illegal activity and twice denied the officers permission to enter. The officers subsequently entered the home, arrested the Defendant, and seized the observed evidence. After the arrest, the officers requested the Defendant's identification card. The Defendant stated it was in his bedroom closet and consented to an officer retrieving it. While in the closet, the officer seized a firearm in plain view.

The Defendant filed a Motion to Suppress and Incorporated Memorandum of Law on July 16, 2010 and the Government responded on August 12, 2010.

## DISCUSSION

The two issues presented in the motion are whether the officers' warrantless entry and arrest and the Defendant's subsequent consent for the police to enter his closet were valid under the Fourth Amendment. Because Defendant and the Government agree to the underlying facts, these issues do not require an evidentiary hearing.

The Fourth Amendment allows police to knock on the door of a private residence for a "knock and talk" to discuss a complaint without having reasonable suspicion. United States v. Cephas, 254 F. 3d 488, 493 (4th Cir. 2001). In addition, the Fourth Amendment does not protect "what a person knowingly exposes to the public, even in his own home or office...", including objects or odors observable after a Defendant voluntary opens his door to police. Katz v. United States, 389 U.S. 347, 351 (1967); Cephas, 254 F. 3d at 493-494.

While a warrantless entry into a residence is presumptively unreasonable, exigent circumstances justifying such entries include when police "(1) have probable cause to believe that evidence of illegal activity is present and (2) reasonably believe that evidence may be destroyed or removed before they could obtain a warrant." Id. At 494-95. Five factors courts consider in evaluating exigency are : (1) the degree of urgency involved and the amount of time necessary to obtain a warrant; (2) the officers' reasonable belief that the contraband is about to be removed or destroyed; (3) the possibility of danger to police guarding the site; (4) information indicating the possessor of the contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband. United States v. Turner, 650 F. 2d 526, 528 (4th Cir. 1981). Such exigent circumstances similarly justify a warrantless entry into a residence to make an arrest. Minnesota v. Olson, 495 U.S. 91, 100 (1990).

Here, the police were carrying out a valid "knock and talk" when they knocked on the Defendant's door and observed contraband in plain view: namely marijuana smoke and odor, a plastic bag that appeared to contain marijuana, digital scales, and a plastic bag that appeared to contain cocaine.

In addition, a consideration of the five factors show that exigent circumstances allowed the police to entered the apartment and seize the evidence. Before observing the evidence, the police did not have probable cause to obtain a warrant. After the police observed the contraband in plain view, the Defendant knew the police were on his "trail" and he and the other two occupants could easily have disposed of the drugs before the police were able to secure a warrant. See e.g., United States v. Grissett, 925 F. 2d 776, 778 (4th Cir. 1991) (noting the easily disposable nature of drugs). Similarly, these same exigent circumstances also allowed the Defendant's warrantless arrest.

The second issue is whether the Defendant's consent for the police to retrieve his identification card from his bedroom closet was valid. The Government bears the burden the prove by a preponderance of evidence that a consent is knowing and voluntary and given by one with authority to consent. United States v. Buckner, 473 F.3d 551, 554 (4th Cir.), cert denied, 550 U.S. 913 (2007). The Court must examine the totality of circumstances to determine whether the consent was objectively valid. United States v. Lattimore, 87, F.3d 647, 650 (4th Cir. 1996) (en banc). These circumstances include the "characteristics of the [person giving consent] (such as age, maturity, education, intelligence, and experience) as well as the conditions under which the consent to search was given (such as the officer's conduct; the number of officers present; and the duration, location and time of the encounter." Id. Neither the fact that the Defendant does not
3

know he has a right to refuse consent nor that the Defendant is under arrest at the time of consent negates voluntariness. Colorado v. Connelly, 479 U.S. 157, 163-67 (1986); See, e.g., United States v. Chaidez, 906 F.2d 377, 382 (8th Cir. 1990).

Here, the totality of the circumstances show the Defendant's consent to retrieve his identification card from his closet was knowing and voluntary. Indeed, the Defendant was in no way shy of withholding consent, as he had already refused the police access to his home twice during the same encounter. In addition, it is undisputed that the Defendant had the authority to consent to a search of his own apartment. Thus the officer validly seized his firearm when he observed it in plain view in the closet.

## CONCLUSION

In sum, the warrantees entry and arrest at the Defendant's residence at 1507 Coley Drive, Apartment No. 6, Fayetteville, North Carolina was valid, as well as the subsequent seizures of evidence. Therefore, Defendant's Motions to Suppress are DENIED.

SO ORDERED, this __6__ day of October, 2010.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE