IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-51-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DEMETRIUS ANTONIO MCKOY | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion for Reconsideration of the Denial of Defendant's Motion to Suppress and Request for Evidentiary Hearing. (D.E. # 41). The Motion is DENIED.

## FACTS

On February 19, 2009, a federal grand jury indicted the Defendant with four counts: unlawful possession of a firearm by a felon; marijuana possession; knowing possession with intent to distribute a quantity of cocaine; and maintaining a place for the purpose of distributing and using a controlled substance.

The deadline for pretrial motions was April 13, 2010. (D.E. # 17). The deadline passed without a motion filed by the defense. On June 28, 2010, a notice of substitution of counsel was filed. (D.E. # 21). On July 16, 2010, the Court granted the Defendant' Motion For Leave to File Motion to Suppress Out of Time. (D.E. #22, #29).

In his Motion to Suppress, the Defendant claimed the police violated his constitutional rights when they entered his house, arrested him, and seized his property without any warrant. (D.E. # 29). The Defendant's Motion stated the following facts:

> On the night of June 18, 2008, Fayetteville Police Sergeant Braden responded to an anonymous call reporting drug activity at 1507 Coley Drive, Apartment 6, Fayetteville, North Carolina. Upon arrival, Sergeant Braden heard loud music and several voices inside Apartment 6. When Officer Taylor arrived on scene, the two officers stationed themselves at the two exit doors for Apartment 6. Officer Taylor then knocked on the door. In response, Mr. McKoy opened the door. Sergeant Braden identified himself as a Fayetteville police officer and inquired whether Mr. McKoy was in charge of the apartment. Mr. McKoy stated that he was. During this conversation, Sergeant Braden asserts that he smelled marijuana and observed drugs and drug paraphernalia in the apartment. Sergeant Braden questioned Mr. McKoy about the reported drug activity, which Mr. McKoy denied. Twice, Sergeant Braden requested permission to enter the apartment, and each time, Mr. McKoy refused. Following Mr. McKoy's second refusal, Sergeant Braden detained Mr. McKoy and advised him that he would be entering the residence to seize the observed evidence. After arresting Mr. McKoy, Sergeant Braden requested his identification card. According to Sergeant Braden, Mr. McKoy stated that it was in the bedroom closet and consented to its retrieval. Sergeant Braden subsequently recovered a firearm in the bedroom closet...

Def.'s Mot. To Suppress at 1-2. (Footnote omitted).

The Government's Response contained no material factual differences from the Defendant's Motion:

> On June 18, 2008, at approximately 2:28 a.m., the Fayetteville Police Department issued a dispatch in connection with an anonymous complaint alleging the use of controlled substances at 1507 Coley Drive, Apartment No. 6, Fayetteville, North Carolina. Sergeant Kemberle Jay Braden and Officer Matthew Taylor responded to dispatch call, arriving at the apartment around 2:39 a.m. Upon arriving at 1507 Coley Drive, Sergeant Braden observed lights on in Apartment No. 6, and heard both music and voices emanating from inside the residence. Officer Taylor knocked at the door. A male, later identified as Demetrius Antonio McKoy, opened the door. Sergeant Braden identified himself as a Fayetteville Police Officer, and asked McKoy if he was the person in charge of the home. While speaking with McKoy at the doorway of the apartment, Sergeant Braden detected a strong odor of marijuana coming from inside the apartment and saw smoke lingering in the air within the apartment. Still at the doorway, and without entering the home, Sergeant Braden observed in plain view on a coffee table the following: (1) a clear plastic bag which appeared to contain marijuana; (2) a box of plastic bags; (3) a set of digital scales; and (4) a small clear plastic bag which appeared to contain cocaine. Sergeant Braden then told McKoy about the complaint regarding drug use at the apartment. McKoy, however, denied any illegal activity. At this point, McKoy identified himself as Demetrius Antonio McKoy. Sergeant Braden asked McKoy for permission to enter the apartment to search for controlled substance or other illegal contraband. McKoy refused to consent to the officer's request, denying any illegal activity inside the apartment. Sergeant Braden then advised McKoy that he, Sergeant Braden, could smell marijuana emanating from inside the apartment. Sergeant Braden again

> requested consent to enter. McKoy again refused to consent. At this point, Sergeant Braden detained McKoy. Sergeant Braden then advised McKoy that he was going to enter the apartment to seize what appeared to be contraband in plain view. Sergeant Braden thereafter entered the apartment, seized the items on the coffee table, and conducted a protective sweep for other persons in the residence. Two females were inside the residence. The officers did not conduct a full and detailed search of the apartment.
>
> Among the items on the coffee table, Sergeant Braden found Inositol, a cutting agent for powder cocaine, and a larger bag of cocaine hidden within the box of plastic bags. While Sergeant Braden was seizing the drugs and drug paraphernalia from the coffee table, McKoy volunteered that the marijuana and cocaine were for his personal use. At this point, Sergeant Braden asked McKoy for his identification card. McKoy advised the officer that the identification card was in his bedroom closet. Sergeant Braden asked McKoy for consent to retrieve the card. McKoy gave his consent. In the closet where the identification card was located, in plain view, Sergeant Braden observed a Mossberg 12 gauge pistol grip shotgun. Sergeant Braden seized the gun and placed it into evidence. The gun was recovered around 2:55 a.m.

Gov's Response at 1-3 (Footnote omitted).

The Defendant did not file a reply or otherwise object to the facts outlined in the Government's Response. On September 16, 2010, this Court denied the Defendant's Motion to Suppress. In its written Order, the Court found that "[b]ecause Defendant and the Government agree to the underlying facts, these issues do not require an evidentiary hearing." (See D.E. # 33 at 2). Again, in an Amended Order dated October 7, 2010, the Court found that "[b]ecause Defendant and the Government agree to the underlying facts, these issues does not require an evidentiary hearing." (See D.E. # 33 at 2). The Defendant did not object to the Court's findings.

Over three months later, the Defendant filed the instant Motion for Reconsideration on January 12, 2011. The Motion states that, "the defendant disputes the underlying facts and thereby wishes to have an evidentiary hearing to resolve the dispute." (D.E. # 41). An attached affidavit by the Defendant presents a new version of the facts, which is substantially different from the events alleged in the Defendant's Motion to Suppress. (D.E. #41-1).

## DISCUSSION

The Court denies the Defendant's Motion for Reconsideration. At the time of this Court's Order, the Defendant did not dispute the underlying facts surrounding the night of his arrest. Thus, the Court's decision to not hold an evidentiary hearing was well within its discretion.

Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure permits a defendant to file "motions to suppress evidence" before trial, but evidentiary hearings on such motions are not granted as a matter of course. See Rule 12(c) (the court "may" schedule a motion hearing). Indeed, a motion to suppress requires an evidentiary hearing "only if the motion is sufficiently specific, non-conjectural, and detailed to enable the court to conclude that (1) the defendant has presented a colorable constitutional claim, and (2) there are disputed issues of material fact that will affect the outcome of the motion to suppress." See, e.g., United States v. Hines, ___ F.3d ___, 2010 WL 5072568 at *2 (3rd Cir. Dec. 14, 2010). As the Defendant's Motion contained no material factual dispute, the Court properly denied the Motion without holding an evidentiary hearing.

On January 12, 2011, over three months after the Court's Amended Order dated October 7, 2010, the Defendant filed the present Motion for Reconsideration. (D.E. #41). For the first time, the Defendant disputes the underlying facts surrounding the seizure of evidence from his apartment. The Defendant now claims there were no drugs or drug paraphernalia on the table or in plain view as the officers alleged; there was no marijuana being smoked in the apartment; and no lingering marijuana smoke to be seen by the officer. (See Def.'s Mot. to Recons. at Aff. ¶ 7). The Defendant did not allege these facts in his Motion to Suppress. (See Def.'s Mot. To Suppress).

The Defendant also now contends that the officers engaged in a warrantless search prior to even asking for his identification. (See Def.'s Mot. to Recons. at Aff. ¶ 8)("Next, the officer went back into a bedroom where two females were located and proceeded to search the closet. The officer allegedly found a scale and isoltol in the closet. The officer then went into another bedroom and searched the closet where he allegedly found a gun."). Again, the Defendant did not allege these facts in his Motion to Suppress.

The Court finds the Defendant's affidavit not credible and insufficient to warrant reconsideration of the Court's ruling. Alternatively, the Court finds the Defendant's arguments waived for his failure to raise them in a timely fashion pursuant to Fed. R. Crim. P. 12(e), as the Defendant did not raise these issues by the April 13, 2010 motion deadline or its subsequent extension. Additionally, the Defendant cannot show good cause for this failure as these facts should have been within his knowledge since the June 18, 2008 incident.

## CONCLUSION

Defendant's Motion for Reconsideration of the Denial of Defendant's Motion to Suppress and Request for Evidentiary Hearing is DENIED. (D.E. # 41)

SO ORDERED, this ___9___ day of February, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE